IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOMI, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SERHANT REAL ESTATE, INC.,<br><br>    Defendant. | Civil Action No. 1:26-cv-00552<br><br>**JURY DEMAND** |

**COMPLAINT**

Plaintiff, Homi, LLC ("Homi") for its Complaint against Defendant, Serhant Real Estate, Inc. ("Serhant") alleges the following:

**INTRODUCTION**

1. This is a case about brazen theft and empty promises behind one of real estate's most well-known brands. Defendant Serhant Real Estate, Inc., the self-styled disruptor led by celebrity broker Ryan Serhant, is choosing to build not on innovation, but rather, on intimidation and misappropriation. In its relentless quest to dazzle investors and the public with the next "big thing," Serhant has crossed a line, willfully stealing the proprietary artificial intelligence technology owned by Homi.

2. When Serhant wanted to impress investors and the marketplace, it didn't build its own technology. Instead, it stole intellectual property owned by Homi. Now, Serhant is touting Homi's Engine as its own, shamelessly deploying it in its "S.MPLE" application, and thumbing its nose at copyright law, all while hoping that celebrity status will shield it from accountability.

3. Homi brings this action to seek redress and remedy for Serhant's knowing infringement of Homi's federally registered copyright.

## PARTIES

4. Homi, LLC is a Texas limited liability company with its principal place of business in Texas.

5. On information and belief, Serhant Real Estate, Inc. is a Delaware corporation with its principal place of business in New York.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C.A. §§ 1331, 1338, and 1400, this Court has federal question subject matter jurisdiction over Homi's federal claims arising under Chapter 5 of the Copyright Act.

7. Pursuant to principles of general and specific jurisdiction, this Court has personal jurisdiction over Serhant because Serhant's principal place of business is in, has more than minimum contacts with, and has committed acts of copyright infringement in this jurisdiction.

8. Pursuant to 28 U.S.C. § 1391, venue is proper in this district and division.

## FACTS

9. Homi (short for "Human Optimized Machine Intelligence") deploys capital and intellectual property to create disruptive value in fragmented industries and develops tools that democratize access to enterprise-grade AI infrastructure.

10. Among Homi's members is Homi's founder and Chief Executive Officer, Josh Team, a recognized technology leader, known for his prior executive leadership at Keller Williams.

11. In or around January of 2023, Mr. Team began developing and authoring an advanced AI-powered software engine, known as Aire AI (the "Engine"), investing significant time, expertise, and resources into its creation.

12. Throughout early 2023, Mr. Team continued to refine and expand the Engine, resulting in a sophisticated, proprietary platform that was an original work of authorship fixed in tangible media.

13. Mr. Team demonstrated the Engine to representatives of Serhant Real Estate, Inc. ("Serhant"), a company led by celebrity broker Ryan Serhant.

14. The Engine was demonstratable and reduced to practice before Mr. Team entered into any contractual relationship with Serhant.

15. On or about November 1, 2023, Mr. Team entered into an employment agreement with Serhant to serve as its first-ever President—a high-profile move that garnered significant media attention.

16. Mr. Team did not transfer any of his existing intellectual property rights, including copyright rights, in the Engine to Serhant.

17. Mr. Team's tenure at Serhant ended, and he subsequently founded Homi, LLC to continue the mission of technological innovation.

18. On or about October 27, 2025, Mr. Team executed a copyright assignment agreement (the "Assignment") with Homi, assigning to Homi all of Mr. Team's right, title, and interest in the Engine.

19. Homi federally registered its copyright rights in the code of the Engine in a work entitled, "Aire AI", Registration Number TXU002518481, having an effective registration date of October 28, 2025 (the "Engine Copyright"). A true and correct copy of the registration for the Engine Copyright is attached as **Exhibit A**.

20. Serhant's website—accessible at www.serhant.com—reproduces, is a derivative work of, distributes, publicly performs, and/or displays publicly the Engine Copyright without

Homi's authorization. For example, Serhant's "S.MPLE" application, which is available and advertised on Serhant's website, uses the Engine.


https://serhant.com/ (accessed January 16, 2026)

21. Serhant, without any authorization, license, or permission from Homi, created a derivative work of, is distributing, is publicly performing, and/or is displaying publicly the Engine Copyright within the S.MPLE application.

22. Serhant calls itself "the Leader in AI for Real Estate," when in reality, S.MPLE unlawfully incorporates and exploits the Engine Copyright.

23. On or about November 3, 2025, Homi's counsel sent a cease-and-desist letter to Serhant demanding that Serhant pay a licensing fee to continue utilizing the Engine.

24. On or about November 24, 2025, Serhant responded not by negotiating in good faith, but by doubling down: it refused to pay, baselessly claimed ownership of the Engine Copyright, and demanded that Homi cease its own use and pursuit of registration (a classic scare tactic designed to intimidate and silence smaller innovators).

4

25. On or about December 24, 2025, Homi's counsel sent a follow-up letter, again demanding that Serhant cease unauthorized use of the Engine or remit a licensing fee.

26. On or about January 9, 2026, Serhant responded, again refusing to negotiate in good faith.

27. To this day, Serhant wrongfully profits and benefits from the Engine Copyright as the backbone of its S.MPLE application, without any right, license, or permission from Homi.

## COUNT I: Copyright Infringement - 17 U.S.C. § 501

28. Homi realleges and incorporates by reference each of the above paragraphs.

29. Homi is the sole owner of the Engine and the federally registered Engine Copyright.

30. The Engine Copyright is valid and enforceable under United States law.

31. Serhant has, without authorization, copied, displayed, distributed, and otherwise utilized protected elements of the Engine Copyright, including in its S.MPLE application.

32. Homi has never consented to, licensed, or otherwise authorized Serhant's use of the Engine Copyright.

33. Serhant's copying, displaying, distribution, and use of the Engine constitute copyright infringement in violation of 17 U.S.C. § 501.

34. Serhant's actions constitute willful copyright infringement in violation of 17 U.S.C. § 501, as Serhant has continued its unauthorized use with full knowledge of Homi's exclusive rights.

35. Serhant's infringement is causing Homi to suffer irreparable harm for which Homi has no adequate remedy at law.

36. Serhant's infringement will continue and escalate unless enjoined by this Court.

37. Serhant's infringement has proximately caused Homi to suffer damages.

38. Homi is entitled to injunctive relief and to recover Serhant's profits, actual damages, statutory damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502, 504, and 505 and all other applicable law.

### COUNT II: Declaratory Judgment - 28 U.S.C. §§ 2201 *et seq.*

39. Homi realleges and incorporates by reference each of the above paragraphs.

40. Homi seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

41. An actual justiciable controversy exists between Homi and Serhant regarding which entity owns the Engine Copyright.

42. The Engine was demonstratable and reduced to practice before Mr. Team entered into any contractual relationship with Serhant.

43. Mr. Team did not transfer any of his existing intellectual property rights, including copyright rights, in the Engine to Serhant.

44. On or about October 27, 2025, Mr. Team executed the Assignment with Homi, assigning to Homi all of Mr. Team's right, title, and interest in the Engine.

45. Homi is therefore the owner of the Engine Copyright, and Serhant has no copyright rights to the Engine or the Engine Copyright.

46. Homi is entitled to a declaratory judgment that Homi is the owner of the Engine Copyright.

### JURY DEMAND

47. Homi demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Homi respectfully requests that the Court enter judgment in its favor as follows:

A. Finding Serhant liable for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501;

B. Finding Serhant's violations of the Copyright Act were willful;

C. Ordering an accounting of all the profits realized by Serhant from its infringement of Homi's federally registered copyright rights in the Engine;

D. Awarding monetary relief to Homi in the form of an accounting and payment by Serhant of its profits it made from its unlawful activities, pursuant to 17 U.S.C. § 504, and other applicable law;

E. Awarding monetary relief to Homi in the form of an award of actual, compensatory, statutory, increased, exemplary, and punitive damages in an amount to be proven at trial;

F. Awarding Homi its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and other applicable law;

G. Entering a permanent injunction enjoining Serhant and its agents, employees, representatives, partners, joint venturers, and anyone acting on its behalf or in concert with it from:

    i. Copying, displaying, distributing, or otherwise utilizing protected elements of the Engine that are subject of the Engine Copyright;

    ii. Doing or allowing any act or thing which is likely to injure Homi's business reputation or goodwill; and

    iii. Participating or assisting in the above activities;

H. Entering an order declaring that Homi has exclusive rights in the Engine Copyright;

I.      Awarding Homi both pre-judgment and post-judgment interest; and

J.      Awarding Homi such other and further relief as the Court may deem just and proper.

Dated: January 21, 2026

                                              Respectfully submitted by:

                                              HUSCH BLACKWELL LLP

                                              */s/ Stephen F.W. Ball, Jr.*
                                              Stephen F.W. Ball, Jr. (NY Bar # 5186812)
                                              One Congress Street, Suite 3102
                                              Boston, MA 02114
                                              Telephone: 617.598.6726
                                              stephen.ball@huschblackwell.com

                                              Timothy L. Capria
                                              (TN Bar # 33235 / NY Bar # 5213947)
                                              **(*Pro Hac Vice Application Forthcoming*)**
                                              501 Commerce Street, Suite 1620
                                              Nashville, TN 37203
                                              Telephone: 615.949.2250
                                              tim.capria@huschblackwell.com

                                              *Counsel for Plaintiff, Homi, LLC*